# Kevin T. Conway, Esq.
## Attorney at Law
### Licensed in
### N.Y., N.J., CT.

| | |
|---|---|
| *80 Red Schoolhouse Road, Suite 110* | *c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC* |
| *Spring Valley, NY 10977* | *61 South Paramus Road, Suite 250* |
| *Tel: (845) 352-0206* | *Paramus, NJ 07652* |
| *Fax: (845) 352-0481* | *Tel: (201) 928-1100* |

February 7, 2020

The Honorable Judge Allyne R. Ross
United States District Court
Long Island Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

   *Re: 2:19-cv-04336-ARR-JO; Plaintiff's Letter Response to Court's Order of December 19, 2019*

Dear Judge Ross:

  NOW COMES the Plaintiff, Malibu Media, LLC, through the undersigned attorneys, who provide this letter in response to this Honorable Court's Order of December 19, 2019 seeking information pertaining to Plaintiff's use of information obtained from various Internet Service Providers to which third party subpoenas have been served.  In response, Plaintiff initially notes that since it began enforcing its valuable copyrights from on-line infringers in 2015, it has utilized four separate law firms to manage its local counsel.  With each, a separate email and litigation software suite was used.  As such, Plaintiff does not have one, central, database of litigation notes, emails and the like from which to prepare this response.  That said, Plaintiff has diligently undertaken the task of compiling all available information to submit in this response.  However,

some information is not available or may be incomplete. Specifically, out of the 167 cases that have been filed in this district, Plaintiff has responsive information for the most recent 149 cases.

Of those 149 matters for which data is available, 65 were dismissed voluntarily without settlement being reached. Five (5) cases remain pending where subpoena responses from the relevant ISP is forthcoming, where motions for leave to take expedited discovery prior to a Rule 26f conference remain pending, or where subpoena responses have recently been received and Plaintiff is investigating whether the subscriber is the likely infringer. 57 of the 149 matters have been dismissed as a result of settlement between the parties. In five (5) matters, Plaintiff secured default judgments or default proceedings are underway, and this instant case the Order granting Motion for Leave is pending. The remaining matters remain pending as active litigation with settlement discussions ongoing with several of the defendants or their counsel.

In the cases dismissed without settlement being reached, the Plaintiff's investigation revealed that the subscriber was a business with open wi-fi (such as a bar, coffee shop, book store or the like), the subscriber had previously been sued in another action based on copyright infringement engaged under another IP address, the subscriber showed verifiable financial hardship or was in the military, the ISP was unable to provide a response, or the subscriber, through diligent post subpoena-response investigation, was determined not to be the likely infringer – and it could not be determined whether a friend, house guest, roommate or family member was the actual infringer. Due to the limited litigation notes from earlier cases, the precise number of dismissals without settlement attributed to each of these explanations is not available.

With respect to the investigation Plaintiff intends to undertake, once Plaintiff receives the relevant subpoena response identifying the subscriber information, Plaintiff undertakes a comprehensive investigation to identify the actual infringer. Specifically, its customary

investigation includes reviewing the subscriber address to verify that the address is not a business where the actual defendant would be difficult to ascertain, whether the additional BitTorrent activity attributed to the subscriber's IP address, which is captured by Plaintiff's investigators, including television shows, movies, e-books, software and video games, are age and demographic appropriate for the subscriber or possibly subscriber's family. Once this investigation is concluded, Plaintiff then determines whether to proceed with the litigation or dismiss the action. Plaintiff notes that it does not proceed against any alleged infringers without a plausible basis to allege that the defendant is the infringer.

During the first ever BitTorrent copyright lawsuit to reach trial, Judge Baylson concluded that Plaintiff's technology was valid. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) ("I concluded that Malibu had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid."). And, because Plaintiff seeks to enforce its copyrights against the most persistent online infringers, determined by the length and volume of the infringing activity, it is not likely the infringer was a guest or passerby, but instead someone in defendant's household. Further, "Courts have consistently 'found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address.'" *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 141831, *9–10 (S.D. Ohio Oct. 6, 2014) (quoting *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810, 2013 U.S. Dist. LEXIS 99332, *4 (S.D.N.Y. July 16, 2013) (collecting cases)). Indeed, some courts have articulated this as a "most likely infringer" principle, holding that even if the initially named defendant ends up being incorrect, so long as a plaintiff has sufficient information and belief to support its identification, this is sufficient to plead copyright

infringement. *See Malibu Media, LLC v. Bowser*, 2015 U.S. Dist. LEXIS 136957, *12 (N.D. Ohio Oct. 7, 2015) (citation omitted); *Malibu Media LLC v. John Does 1-11*, 2013 U.S. Dist. LEXIS 99332, *3–4 (S.D.N.Y. July 16, 2013); *Malibu Media, LLC v. Lowry*, 2013 U.S. Dist. LEXIS 162366, *17 (D. Colo. Nov. 14, 2013); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980, *11 (S.D. Fla. Dec. 20, 2012).

Based on the foregoing, Plaintiff respectfully requests this Court grant the motion to allow Plaintiff to serve a third-party subpoena on the Internet Service Provider associated with the identified IP Address. If this Court has additional questions or would like further explanation or information, Plaintiff is happy to supplement this response.

Dated: February 7, 2020    Respectfully submitted,

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (30364)
80 Red Schoolhouse Road, Suite 110
Spring Valley, NY 10977
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.